ODELL *v.* SOLOMON.

(*Superior Court of New York City, General Term.* May 7, 1888.)

1. EVIDENCE—TESTIMONY OF DECEASED WITNESS—READING FROM CASE ON APPEAL.
   It is not proper on a trial after an appeal to allow the case on appeal to be read for the purpose of showing the testimony of a witness examined upon the first trial, and who has died since, without some showing that the case contains the whole testimony given, and that the stenographer's notes which were contained in the case were correctly taken and transcribed. The case is not *prima facie* proof of what testimony was given on the trial.

2. SAME—OPINION EVIDENCE.
   Though a witness may be an expert as to the proper construction of windows and sashes, the effect of weather and use, and as to what would be their exterior appearance from time to time, he is not competent to testify as to whether a man on going into a building would be able to tell that the sash was going to fall down.

Appeal from special term.

Action by Sarah B. Odell, by Henry C. Odell, her guardian, against Solomon B. Solomon and another, for personal injuries. From a judgment entered on the verdict for defendants, and from an order denying a motion for a new trial, made upon the minutes, plaintiff appeals.

Argued before SEDGWICK, C. J., TRUAX and DUGRO, JJ.

*Alfred Pagelow,* for appellant. *Myer S. Isaacs* and *Adolph L. Sanger,* for respondents.

SEDGWICK, C. J. The defendants had been the occupants of a store. The plaintiff had been struck by the sash of a window falling from the store, while she was upon the street passing the store. She brought this action for damages, alleging that the sash had fallen through the negligence of the defendants. The trial below was the second trial of the issues. After the first trial an appeal had been taken in which a case had been made. Upon the present trial it was shown by defendants that a witness examined upon the first trial had died since then. They offered to show what was his former testimony, by reading from the case what appeared to have been his testimony. The reading was permitted, under plaintiff's objection and exception. I am of opinion that the objection should have been sustained. The grounds upon which admissibility was placed by the argument were of different nature. One ground was that a witness had proved that the case contained the substance of the minutes of the former trial, as taken by the official stenographer, and written out by him or under his direction. There seems to be a fatal defect in this ground, because there was no proof that the minutes had been taken correctly, or themselves had been written out correctly. Another ground was that it had been proved that the defendants had proposed a case, that the plaintiff had pro-

posed amendments to the case, and thereafter the judge before whom the case was tried had settled it in the form of the case offered upon the trial. I do not think that it can be inferred from the action of the plaintiff's counsel, or of the judge, that the testimony stated by the case to have been that of the witness on the first trial was the whole of that witness' testimony on the points that appeared by the case to have been touched upon. To permit testimony of a witness upon a former trial, since dead, to be given on the after-trial, it must appear that what is offered is the whole testimony given. On an appeal there is no presumption; and in this instance there was no proof that the whole testimony was necessary to be inserted in the case for the purposes of the appeal, even on the point of whether there should be a reversal upon the facts. Repetitions, incoherencies, terms of phrases, self-contradictions, may have a modified construction placed upon them by the admission of counsel, or the decision of the judge, for the purpose of the appeal, when a jury might properly give another construction. One condition of giving the former testimony of a witness is that it was given as to the issues made upon the former trial, and identical with the issues of the second trial. When the testimony is shaped for the case, the result is that the statement of the case is as to its propriety and relevancy for an appeal. The remaining ground is that it was in the case, and that legally the case is *prima facie* proof of what testimony was given on the trial. The same consideration, however, is to be applied, that the case was made not to perpetuate the testimony, but to form the material of an appeal. Of cases, Chief Justice KENT said in *Elting* v. *Scott*, 2 Johns. 162: "These cases are a species of testimony which ought not, perhaps, in any case to be admitted unless when the admission is made a condition of granting a new trial; nor has it been the practice to admit them. They are generally drawn by counsel without any communication with the parties, and often with a view to bring before the court some particular point unconnected with much of the narrative part of the case, and which for that reason may have passed without criticism or attention." Under objection, the defendant's counsel was allowed to read, as part of the testimony of deceased witness, the following: "Even if a man went into that building in the morning, he could not tell that either one of those sashes was going to fall down." The witness was an expert as to the proper construction of windows and sashes, the effect upon them of weather and use, and as to what would be the exterior appearance from time to time, but not, I think, as to the possibility of a man not being able to tell, from exterior appearances, that the sash was going to fall down. There is still a question of whether the testimony upon the present trial was not such outside of objectionable matter that under the former decision in this case there was no proof of negligence of defendants. As counsel, on the argument, did not advert to the similarity or difference between the former and the present testimony, it is to be assumed that the present case was one for the jury. The judgment should be reversed, as well as the order refusing a new trial, and there should be a new trial, with costs to abide the event. All concur.